UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11365-RGS

WINDOVER CONSTRUCTION, INC.,

v.

COSAN CONSTRUCTION CORP., ICI FLOORING, INC.,
MERCHANTS MUTUAL INSURANCE CO., and
SELECTIVE FIRE AND CASUALTY INSURANCE COMPANY

MEMORANDUM AND ORDER ON
MOTIONS TO DISMISS AND CROSS-MOTIONS
FOR JURISDICTIONAL DISCOVERY

December 8, 2022

STEARNS, D.J.

Plaintiff Windover Construction, Inc. (Windover) filed this action against defendants Cosan Construction Corp. (Cosan), ICI Flooring, Inc. (ICI), Merchants Mutual Insurance Co. (Merchants), and Selective Fire and Casualty Insurance Company (Selective),[1] seeking to recoup damages caused by Cosan's and ICI's alleged negligent performance of subcontract work at a construction project in New Jersey. As relevant here, Windover accuses

---

[1] The Complaint (Dkt # 9 at 1-23) incorrectly names several defendants. For the purposes of this Order, the court will use the names reported by the parties in their corporate disclosure statements and motions to dismiss.

1

Cosan's insurer, Merchants, and ICI's insurer, Selective, of engaging in unfair settlement practices in violation of Mass. Gen. Laws ch. 176D, § 3, and Mass. Gen. Laws ch. 93A, §§ 2, 11, in response to its requests for indemnification. Merchants and Selective move to dismiss for lack of personal jurisdiction and failure to state a claim. For the following reasons, the court will <u>ALLOW</u> the motions.

## BACKGROUND

Windover is a Massachusetts corporation with a principal place of business in Massachusetts. From at least 2018 through 2019, it served as the general contractor for a construction project known as Valley Brook Village Phase II in Lyons, New Jersey (the Project).

On July 13, 2018, Windover subcontracted with ICI, a New Jersey corporation with a principal place of business in New Jersey, to "[p]erform all Flooring work" for the Project. Windover-ICI Subcontract (Dkt # 39 at 41-83) ¶ 3. The subcontract required ICI to maintain general liability insurance and to name Windover as an additional insured on the policy. Selective, a New Jersey corporation with a principal place of business in New Jersey, issued ICI's general liability insurance policy for the relevant period.

On June 20, 2019, Windover subcontracted with Cosan, a New York corporation with a principal place of business in New York, to perform

gypcrete concrete subflooring work for the Project. Windover's subcontract with Cosan, like its subcontract with ICI, required Cosan to maintain general liability insurance and to name Windover as an additional insured on the policy. Merchants, a New York corporation[2] with a principal place of business in New York, issued Cosan's general liability insurance policy for the relevant period.

In 2019, Cosan and ICI performed the contracted-for work. Less than two years later, in early 2021, the Project's owner notified Windover of widespread failure of the gypcrete concrete installed by Cosan and the flooring installed by ICI. Windover incurred $692,295 in damages repairing the defects. Windover promptly notified Cosan, ICI, and their respective insurers of the damage and requested additional insured coverage and indemnification for the claim. Defendants' unresponsiveness forms the basis of Windover's suit.

## DISCUSSION

The court may exercise personal jurisdiction over Merchants and Selective only if Windover demonstrates that "it is permissible under both

---

[2] Although the parties originally identified Merchants as a Delaware corporation, counsel for Merchants has since indicated it is a New York corporation. Windover does not appear to dispute that New York is the correct state of incorporation.

the forum state's long-arm statute and the Due Process Clause of the United States Constitution." *Bluetarp Fin., Inc. v. Matrix Constr. Co., Inc.*, 709 F.3d 72, 79 (1st Cir. 2013). Because the court has not held an evidentiary hearing, it will apply the prima facie standard to assess jurisdiction. "Under the prima facie standard, the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008).

### A. General Jurisdiction

Merchants is a New York corporation with its principal place of business in New York. Selective is a New Jersey corporation with its principal place of business in New Jersey. Windover maintains that, although neither corporation is organized under the laws of Massachusetts or operates its principal place of business in this state, the court may nonetheless exercise general jurisdiction over Merchants and Selective because the insurers have "continuous and systematic" contacts with Massachusetts. Opp'n to Selective's Mot. to Dismiss (Dkt # 41) at 7, 8; Opp'n to Merchants' Mot. to Dismiss (Dkt # 34) at 9, 10. In support, Windover relies on the following contacts: (1) Selective and an entity related to Merchants (Merchants National Insurance Company) are both licensed

insurers in Massachusetts; (2) per a New York state report, roughly 7% of Merchants's direct written premiums are written in Massachusetts; (3) Selective maintains a physical office in Massachusetts; and (4) Windover was added as an additional insured on the Merchants and Selective insurance policies.

Even accepting as true the nature and extent of the contacts alleged by Windover, the court does not find the requirements for general jurisdiction met. As the Supreme Court explained in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the inquiry for general jurisdiction purposes "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Id.* at 138-139, quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also* Mass. Gen. Laws ch. 223A, § 2 (allowing the exercise of jurisdiction where, *inter alia*, a person is "domiciled in" Massachusetts). Windover offers no support for the proposition that merely obtaining licensure to operate within a state or issuing some policies within that state is, by itself, sufficient to render the insurer "at home" in that forum, and the court declines to find Merchants or Selective "at home" in Massachusetts in the absence of additional contacts.

To hold otherwise would turn the principles governing general jurisdiction on their head.

## B. Specific Jurisdiction

Windover asserts specific jurisdiction under several prongs of the Massachusetts long-arm statute. But the Massachusetts long-arm statute, like the demands of constitutional due process, requires at base that a plaintiff's claims "aris[e] from" defendant's contacts with the state. *See* Mass. Gen. Laws ch. 223A, § 3; *see also Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016) ("Specific jurisdiction allows a court to hear a particular case as long as 'that case relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum.'"), quoting *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999). And for a claim to "arise from" a defendant's contacts with the state, it is not enough for the plaintiff to merely feel harm in a particular forum. *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59-60 (1st Cir. 2016). Instead, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

Windover has not shown that its claims "arise from" any conduct of Merchants and Selective in Massachusetts. At best, Windover alleges that Merchants and Selective allowed Cosan and ICI to add Windover, a Massachusetts corporation, as an additional insured on their policies and then responded to Windover's subsequent request for indemnification under those policies. But Merchants and Selective did not themselves contract with Windover, and the risk to be insured – the Project – was located in New Jersey, not Massachusetts. Nothing connects the response (or lack thereof) of Merchants and Selective to Windover's indemnification request to Massachusetts in any meaningful way.

### C. Jurisdictional Discovery

To the extent that Windover seeks jurisdictional discovery, the court denies its motion. Windover fails to offer any explanation of what additional evidence it hopes to uncover to tie Merchants and Selective to Massachusetts as a forum. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001). The absence of any indication that jurisdictional discovery will reveal evidence supporting a colorable claim of jurisdiction in Massachusetts dooms Windover's request.

**D. Transfer**

The court denies Windover's request to transfer the case to the District of New Jersey rather than dismiss. As Windover itself acknowledges, the statute of limitations has not run for its claims, so nothing prevents Windover from filing a new suit in New Jersey asserting its claims.

## ORDER

For the foregoing reasons, Windover's claims against Merchants and Selective are dismissed for lack of personal jurisdiction. This dismissal is not an adjudication on the merits and thus is without prejudice.

          SO ORDERED.

          /s/ Richard G. Stearns
          UNITED STATES DISTRICT JUDGE